---

GEIGER v. The ELIZA MALLORY. See Case No. 4.365.

GEIGER (JANNEY v.). See Case No. 7,212.

GEIGER v. MONSERAT. See Case No. 9,740.

GEIGER (MUIR v.). See Case No. 9,902.

---

## Case No. 5,300.

GEIGER v. The WILLIAM TABER.

[Nowhere reported; opinion not now accessible.]

---

GEIGER (WISE v.). See Case No. 17,908.

GEIS, In re. See Case No. 5,407.

GEISS (BRADFORD v.). See Case No. 1,768.

---

## Case No. 5,301.

GELL et al. v. JACOBS.

[Cited in Ogden v. Saunders. 12 Wheat. (25 U. S.) 286. See Case No. 5,426.]

---

## Case No. 5,302.

GELSTON v. ADAMS.

[2 Cranch, C. C. 440.] [1]

Circuit Court, District of Columbia. Nov. Term, 1823.

BILLS AND NOTES—ASSIGNMENT AFTER DISHONOR—SUIT BY ASSIGNEE.

---

GELSTON (BREWSTER v.). See Case No. 1,853.

---

## Case No. 5,303.

The GEM.

[Brown, Adm. 37.] [1]

District Court, D. Michigan. March, 1858.

WHARFAGE—THE 12TH RULE.

1. Wharfage is the use of a wharf by a vessel for the loading or unloading of goods or passengers. Mere anchorage at a wharf is not wharfage.

2. The use of a wharf is not "material" for a ship, within the meaning of the 12th rule, nor is a wharfinger a material-man.

[Cited in The Hercules, 28 Fed. 476.]

3. The maritime law does not give a lien for wharfage.

Three libels brought to recover for the use and occupation (1) of a wharf at the foot of Woodward avenue, Detroit; (2) of a private wharf fronting certain lots of libellant, in Detroit; (3) of a wharf on the opposite shore of Detroit river, in Canada.

Alfred Russell, for libellant.

John S. Newberry, for claimant.

WILKINS, District Judge. At the commencement of the argument of this case, the proctor for the libellant abandoned all claim

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

for the use of the Canadian wharf; and so far as the use of the wharf at the foot of Woodward avenue is concerned, the case was settled by that of Russel v. The Empire State [Case No. 12,145]. The only matter left for the action of the court on these libels is the claim for the use of the private wharf of libellant, by the Gem, for certain days in the years 1856 and 1857.

Wharfage may be claimed either upon an express or an implied contract: express. when a price is agreed upon for the use of the wharf, and implied, when used without such agreement. Strictly speaking, it is money due, or money actually paid for the privilege of landing goods upon, or loading a vessel while moored, from a wharf. The occupation, by anchorage or otherwise, of a navigable river open to all, in the vicinage of a wharf, implies no contract of wharfage, because it is no use of the wharf for either the landing or the reception of passengers or merchandise. Without determining the preponderance of the testimony as to the controverted fact, whether this wharf was or was not used by the Gem, I am necessarily compelled to adhere to the opinion given by this court in the case of Russel v. The Asa R. Swift [Case No. 12,144]. which, until reversed by the appellate court, must govern. The law of that case has not been reversed. An appeal was taken from the decree of the district court, and a stipulation filed, by which two legal propositions, embracing the merits of the case, were submitted to the circuit judge. The first was as to the extent of the lien conferred by the local law, and its enforcement in rem against a domestic vessel. The second, whether the fact that the steamboat had left the wharf with no effort on the part of the wharfinger to detain her, and with full knowledge on his part, precluded a recovery in rem. The case was argued on these propositions, at the session of the circuit court, in June, and held under advisement until the 5th of August, when the clerk of the circuit was directed, by letter, to enter a decree reversing that of the district court, without stating upon what ground, or wherein, the district court had erred. This is no reversal of the law as pronounced by the district court, nor is it possible to ascertain on which proposition the reversal is based.

In Russel v. The Asa R. Swift [supra] it was held that the 12th rule of the supreme court, having the force of a statutory provision, directed that "proceedings in rem shall only apply to cases of domestic ships where, by the local law, a lien is given to material-men for supplies, repairs or other necessaries."

The statute of Michigan gives a lien for wharfage, but the statute of the United States inhibits the proceeding in this court, limiting the same to domestic vessels where, by the local law, a lien is given to material-men for supplies, &c., and to none others. The district court held: 1st. That the use of a wharf was not "material" for the ship. 2d. That a wharfinger was not a material-man. Neither of these propositions is denied by the circuit court. 3d. That the 12th rule was obligatory as to the jurisdiction of this court in such cases. This proposition is not overruled by the circuit judge in such clear terms as to warrant the application of such reversal to the facts of this case. 4th. Material-men are such as supply the materials for the construction or repair of vessels. A wharfinger cannot be so considered. He is only a lessor for the time being of a part of his real estate, to be used for moorage. He supplies the convenience of dockage and the facility of discharging passengers and freight, but no material for the use of the ship, within the spirit and intent of the statute. The appellate court does not declare otherwise.

All we are able to learn from the brief minute of the circuit judge to the clerk is, that the decree is reversed, but no construction is given either to the local law or the statute of the United States. It is a reasonable presumption, that the appellate court, ascertaining that the local law gave a lien for wharfage, at once applied it, without reference to the provision of the 12th rule, as declaratory of the enforcement of such lien.

This court will be guided by the decisions of the appellate court; but, in order to apply those decisions to other cases, we must be satisfied that the law has been determined by the appellate power, as we cannot safely direct judicial action on mere conjecture.

The Gem was a domestic vessel, and therefore governed by the 12th rule—the court holding that the use of a wharf is not material supplied to a vessel, and that a wharfinger is not a material-man. The facts, as viewed by the court, would not have warranted a decree for the libellant, but I prefer placing the dismissal of the libel on the ground stated. Libel dismissed.

NOTE. I think the weight of more recent decisions is to the effect that wharfage is a maritime contract, and that a lien exists therefor, irrespective of the 12th rule. This was probably the view taken by the circuit court in the reversal of Russel v. The Asa R. Swift [Case unreported]. See The Kate Tremaine [Case No. 7,622]; Ex parte Lewis [Id. 8,310]; The Phebe [Id. 11,065]; Johnson v. The McDonough [Id. 7,395]. But see Delaware River Storage Co. v. The Thomas [Id. 3,760]; U. S. Hydraulic Cotton-Press Co. v. The Alexander McNeil [Id. 14,404].